UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-422 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| THE VILLAS AT SKY VISTA HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Hampton and Hampton Collections LLC's ("H&H") motion for summary judgment. (ECF No. 10). Plaintiff Bank of America, N.A. ("BANA") filed a response and an erratum. (ECF Nos. 17, 19). H&H filed a reply and a notice of supplemental authority. (ECF Nos. 22, 25).

**I.    Introduction**

The instant litigation involves the events surrounding The Villas at Sky Vista Homeowners Association's (the "HOA") June 11, 2014, non-judicial foreclosure sale of the real property at 9298 Lone Wolf Circle, Reno, Nevada. (ECF No. 1). BANA's complaint alleges the following claims against H&H: (1) quiet title/declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") § 116.1113's obligation of good faith; and (3) wrongful foreclosure. (*Id.*).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

**James C. Mahan**
**U.S. District Judge**

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III. Discussion**

　　*a. Applicability of NRS 38.310*

This court has reviewed the docket and finds no indication that the parties in this case have completed the Nevada Real Estate Division's ("NRED") mediation program. *See* Nev. Rev. Stat. § 38.310. This fact is problematic as to plaintiff's claims of breach of NRS § 116.1113's obligation of good faith and wrongful foreclosure.

**James C. Mahan**
**U.S. District Judge**

Section 38.310 of the NRS provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues, mandating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). However, while NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear that no civil action may be commenced "unless the action has been submitted to mediation." NRS 38.310. Specifically, NRS 38.330(1) offers in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added). Moreover, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time.

It appears that the parties have not completed mediation; therefore, plaintiff's claims that are subject to NRS 38.310 are unexhausted unless NRED appoints a mediator or the parties agree on one.[1]

### i. Obligation of good faith

Plaintiff alleges the following regarding its claim for relief under NRS 116.1113:

> If it is determined Sky Vista's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Sky Vista's and its agent Hampton's breach of their obligations of good faith will cause BANA to suffer general and special damages in the amount equal to the fair

---

[1] The statute of limitations for any claim submitted to NRED for mediation is tolled until the conclusion of mediation. See Nev. Rev. Stat. § 38.350.

>market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

(ECF No. 1 at 11).

Therefore, this claim is a "civil action" under NRS 38.300 due to its pursuit of money damages and accordingly must be submitted to mediation pursuant to NRS 38.310. *See* Nev. Rev. Stat. § 38.300; *McKnight Family, L.L.P.*, 310 P.3d at 558.

> ii.     *Wrongful foreclosure*

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558. Therefore, the claim of wrongful foreclosure must be mediated before this court can assess its validity.

> iii.    *Quiet title's applicability to NRS 38.310*

Unlike the claims above, a claim to quiet title does not need to be mediated because it is not a civil action under NRS 38.300(3), which states: "The term does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310); *see also McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).

> b. *Summary judgment as to the quiet title claim*

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate *or interest* in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010 (emphasis added). "A plea to quiet

title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted).  Therefore, for plaintiff to succeed on its quiet title action, it must show that its claim to the property is superior to all others.  *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Here, H&H argues that this claim should not apply to it because "Hampton has never had, and does not now have, any interest in the Property which is the subject of Plaintiff's request for quiet title" because "Hampton was merely the *agent* for the Association for the purposes of collection. Hampton did not take an interest in the Property except as a trustee." (ECF No. 10 at 7).

BANA responds as follows:

> With respect to its quiet title claim, BANA asks the court to set aside the foreclosure sale Hampton conducted for Sky Vista. This relief would dictate Sky Vista and Hampton's rights in the property and may limit their actions in any future foreclosure. Hampton is a necessary party to the quiet title and declaratory judgment claim.

(ECF No. 17 at 2).  Additionally, BANA "requests the court restore all parties with an interest in the property to the title positions prior to the sale. [H&H]'s rights, as agent for Sky Vista, are among those to be determined by this court," so H&H is a necessary party under Federal Rule of Civil Procedure 19(a).[2]  (ECF No. 17 at 10–11).

H&H's reply, moreover, implicitly concedes that the court's determination on this claim has a material effect on its legal rights.  (ECF No. 22).  Defendant's discussion of different projected endings for this litigation mentions that "option one" results in the damage claims against it becoming moot and that "option two" would result in its need to refund Thunder Properties with the sales proceeds that H&H holds.  (ECF No. 22 at 2–3).  Moreover, the instant claim is partially based on allegations that overlap with plaintiff's claim for breach of NRS 116.1113, which clearly involves H&H's conduct.  *See* (ECF No. 1).  In sum, there is a genuine dispute of fact as to the validity of the foreclosure sale, made relevant here by defendant's acknowledgment of an

---

[2] This rule states, *inter alia*, that a party must be joined in an action if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a).

**James C. Mahan**
**U.S. District Judge**

- 5 -

adjudication's production of obligations and potential liability for damages, that precludes granting summary judgment on this claim. *See also CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (noting that the exclusion of a necessary party "would merely result in unnecessary and repetitive litigation").

### IV.    Conclusion

In sum, plaintiff's claims of breach of NRS 116.1113's obligation of good faith and wrongful foreclosure may not be adjudicated until the parties complete NRED mediation. Additionally, H&H's arguments for summary judgment on the claim for quiet title fail.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant H&H's motion for summary judgment (ECF No. 10) be, and the same hereby is, DENIED.

DATED March 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -